**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ALBERTO BARRIENTOS-LOPEZ,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.   18-73253

Agency No. A200-151-397

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 4, 2020[**]
Seattle, Washington

Before:  M. SMITH, N.R. SMITH, and BRESS, Circuit Judges.

Alberto Barrientos-Lopez petitions for review of the Board of Immigration

Appeals ("BIA") order dismissing his appeal.  The Immigration Judge ("IJ")

denied his applications for asylum, withholding of removal, and relief under the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT").[1]  Because the BIA adopted the IJ's decision while adding its own reasons, we review both decisions.  *Nuru v. Gonzales*, 404 F.3d 1207, 1215 (9th Cir. 2005).  We deny the petition for review.

1.       Despite the defects in the Notice to Appear, the IJ had jurisdiction to conduct removal proceedings as set forth in 8 C.F.R. § 1003.14(a).  *See Karingithi v. Whitaker*, 913 F.3d 1158, 1160-61 (9th Cir. 2019) (holding that "a notice to appear that does not specify the time and place of an alien's initial removal hearing vests an [IJ] with jurisdiction over the removal proceedings so long as a notice of hearing specifying this information is later sent to the alien" (alteration omitted) (quoting *Matter of Bermudez-Cota*, 27 I. & N. Dec. 441, 447 (BIA 2018))).  After the initial Notice to Appear, Barrientos-Lopez was provided subsequent notice of the time and place of the hearings, and he appeared at the scheduled hearings.  *See id.* at 1161-62.  Accordingly, we also have jurisdiction over this appeal.

2.       Substantial evidence supports the BIA's determination that Barrientos-Lopez failed to establish a nexus between any harm he may suffer and a protected ground, because his three proposed social groups—"Mexicans with mental disabilities," "Mexicans with schizophrenia who do not have access to adequate mental health

---

[1] Barrientos-Lopez did not challenge the denial of cancellation of removal in his opening brief.  Thus, it is waived.  *Martinez-Serrano v. INS*, 94 F.3d 1256, 1260 (9th Cir. 1996).

2

services," or "Mexicans with mental illness whose mental health causes them to behave erratically"— were not cognizable.[2] *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016). Although Barrientos-Lopez submitted evidence of how Latinos in the United States and Latin America perceive persons with mental illness, nothing in the record or in the BIA's decision demonstrates that the BIA mischaracterized or misinterpreted the submitted evidence. Further, the evidence does not compel a conclusion that Mexican society perceives persons with mental illness as a distinct group. *See id.* at 1137-38.

Accordingly, because Barrientos-Lopez has failed to establish a cognizable social group, he has not met his burden of establishing eligibility for asylum or withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

3. Substantial evidence supports the BIA's decision that it is not more likely than not that Barrientos-Lopez will be subjected to torture in Mexico, or that any torture would be at the hands of or acquiescence of the Mexican government. Barrientos-Lopez submitted the Disability Rights International report,

---

[2] With regard to the first two proposed social groups, Barrientos-Lopez fails to challenge the BIA's conclusions for rejecting the social group, arguing instead that the BIA misinterpreted the evidence. Accordingly, Barrientos-Lopez waived any challenge to these findings. *Martinez-Serrano*, 94 F.3d at 1260.

documenting the maltreatment of persons institutionalized in Mexican mental health facilities. However, this evidence, by itself, does not compel a conclusion that he will be tortured. *See Cole v. Holder*, 659 F.3d 762, 773-74 (9th Cir. 2011) ("Acts that merely have the foreseeable result of inflicting harm are not sufficient; 'the actor [must] intend the actual consequences of his conduct.'" (quoting *Villegas v. Mukasey*, 523 F.3d 984, 989 (9th Cir. 2008))).

**PETITION FOR REVIEW DENIED.**